We have four argued cases today. First is King v. McDonald. Is counsel ready? If it may please the court, I am Carl Kazanczak and I represent the appellant, Mr. King, in this appeal. In the 1973 rating decision, Mr. King was granted a VA Disability Benefits for Schizophrenia and assigned a 10% rating. Mr. King did not appeal. Mr. King later filed a clear and unmistakable error claim based on regional officer's failure to consider his clinical psychologist Dr. Rothberg's report in the 1973 rating decision. The claim was denied. The claim was then brought to the Board of Veterans' Appeals and the Board found no clear and unmistakable error. Mr. King then appealed to the Court of Appeals of Veterans' Claims. The appellant contends that the Court of Veterans' Claims erred in deciding there was no basis for a constitutional violation of his right to a fair adjudication of his hearing. Mr. King contends the Court of Appeals' Veterans' Claims erred in confirming the Board's decision because his due process right was violated when the regional office failed to consider his report. Can I ask you, how do you get over the conclusion of the Veterans' Court that the fact that the RO did not mention the psychologist's report does not in fact indicate that the RO failed to consider it, particularly way back in time before there was the kind of requirement that now exists to give a statement of reasons? Right, pre-1990 failure to mention medical report was not considered. If the Veterans' Court is right about the premise that they have to assume the RO considered it, all of the arguments you build on that disappear, right? Correct, but let me say this. I also believe there is room here to look at the decision itself and determine that the RO decision itself and determine that the Dr. Rothberg's report was not reviewed. When I point to this, let me point to the SMRs, which are the service medical records, the hospital visits, the Veterans' doctor's report. In fact, the only missing piece from what I had seen in the file, certainly of significant evidence, was Dr. Rothberg's report. This is particularly puzzling in that the regional... Can I just ask you, you quickly qualified only to only significant. Is there something else that... No, not that I'm aware of. The fact that Dr. Rothberg's report is not mentioned is indicated given this regional officer's decisions, well-documented decision where he details what records he did use. It seems extremely odd that he would not include Dr. Rothberg's report since it was the medical record that in our opinion was strongest on point to the issue at hand, which was the percentage of disability rating. Dr. Rothberg's report was the only one that mentioned unemployability in any way. That's what I believe will be the difference here. The appellant contends the Court of Appeals for Veterans' Claims erred in confirming the Board's decision because the due process right was violated when the regional office failed to consider Dr. Rothberg's report, which was favorable to his claim. Our contention is supported by the decision in Cushman since the regional office failed to consider Dr. Rothberg's report, which was in the veteran's file at the time of the 1973 rating decision and which was not reviewed by the regional office. The 1973 rating decision was flawed and based on Cushman, his due process right to a fair hearing was violated. Now, let me just give a short explanation of Cushman. Cushman was a TDIU claim, a Total Disability Individual Unemployability claim, where there were two medical reports, an altered and an unaltered medical report. The court found that the presentation of the altered document was indeed prejudicial and the veteran was granted a new hearing back to the board de novo. The real problem here is that whether the R.O. considered that report or not is a question of fact. I mean, you can point, you can in Duke, point to things that you say way towards the opposite conclusion, but it's still a factual question. Yes, but in regards to a due process violation, Your Honor, I believe discussion of the factual is imperative to the claim itself. And in court, when you're dealing with due process violations, it's the only exception to being able to review the facts, Your Honor. What is your best authority for the proposition that putting the regulations aside, that due process, actual constitutional due process requires the adjudicator to consider evidence that is placed before the adjudicator? Well, Your Honor, I think it's analogous to the case in Cushman, because in Cushman... That involved doctored evidence, right? I'm sorry? That involved doctored evidence. But that's bad word in this context, altered evidence. But what it really comes down to is that what you have is a document that was, although the doctored document was included in the record, it was still prejudicial to the decision of the actual claim. That is no different than if a document is particularly document favorable to a claimant that is not considered when deciding a claim. It's clearly a matter of procedural due process. Now, again, an essential part of our claim is that the Shillings Regional Office did not consider Dr. Rothberg's report in the 1973 rating decision. Natale held that the reason or basis of the decision, and Eddy essentially states that silence in regard to a medical record in a regional office decision prior to 1990 does not show failure to consider that evidence of record. The case of Natale and Eddy are distinguishable from the appellants, and notwithstanding the practice prior to 1990, that the regional office was not required to provide a statement of reason or basis for its decisions. The courts have always strictly upheld the requirement of constitutional due process. Hence, the appellant's case, there's a vast difference in the requirement that the regional office not disclose the fact that they considered a particular document in arriving at a decision, and the requirement that the regional office, not the private veteran, have its due process right. Natale did not override the need for constitutional due process, and constitutional rights are always paramount. However, even if silence is not able to show, Dr. Rothberg's report was not considered a careful reading of the decision supplies ample evidence, as I discussed earlier with the answer to your question. So, let me conclude with, if the regional office had reviewed and considered Dr. Rothberg's report, it's hard to believe that that regional office would include all those other medical records, and only exclude Dr. Rothberg's report, which was clearly extremely relevant to a determination of disability. What is your response to the government's reliance on the Guillory case, which they used for the principle that your constitutional claim, if there's an available remedy, either through statute or regulation, then that's how you should be channeling your claim, rather than making a broad-based due process claim? Well, I would argue that if there is a due process violation, the remedy is not going to be cured, because the due process violation occurs at the start of this case, in the beginning. So, everything else results out of that failure of the due process. So, it is our contention that it needs to be, the standard of proof increases due to the fact, in other words, in the Q claim, the standard of proof is much higher. But that all results from that original decision, where the due process violation was made. So, it would be different if the remedy were to give a new hearing under exactly the same standard, but when you raise the standard to the almost impossible, that's not an adequate remedy, that's the theory? Yes. Is the standard indebatable or undebatable? I believe it was undebatable, Your Honor. Okay. I reserve the time. Thank you. We've got five minutes. Let me hear from the government. May it please the Court, pursuant to 38 U.S. Code 7292C, this Court has jurisdiction to interpret constitutional provisions, quote, to the extent presented and necessary to a decision. In this case, the Veterans Court found that there was no due process violation, and that result is the result of applying the decisions of this Court, the most important being the decisions of the Natalie v. Principi, Gonzalez v. West, and Pierce v. Principi. What these decisions establish is that a regional office decision is entitled to a presumption of regularity. It is a final decision. If it hasn't been appealed through the process, it is presumed to be a regular decision, presumed that all of the evidence has been considered, and that the proper findings have been made by the regional office. The presumption can be overcome, though, right? Under the right circumstances. So what if there was a case where a medical file, a veteran's medical file, had ten pieces of relevant evidence, and the VA, the RO, did a very close, heavy treatment of nine of those ten pieces of evidence, but didn't mention or discuss the tenth piece of evidence? And maybe that tenth piece of evidence is the most relevant piece, and yet, nevertheless, it was never evaluated or discussed. Do you think that overcomes the presumption? Well, here, first of all, you have to, the other element is whether or not there was a requirement at the time of the regional office's decision. That's true. Maybe there wasn't, but yet, nevertheless, at this particular case, the RO went perhaps above and beyond and did a full treatment of nine of the ten pieces of evidence, but was silent on the tenth piece. And there's no inkling that it consulted that case. What would you say under those circumstances? Okay. I guess in your hypothetical also, that tenth piece of evidence is especially significant and would outweigh all the other pieces. Is that part of the hypothetical? We could start there. Okay. Well, first of all, this court's decision in Gonzales v. West says that under the regulation that's applicable, 38 CFR 3.303A, there is no requirement that every single piece of evidence be discussed in the decision. So that would be the applicable law here, and the fact that it is not discussed in the decision doesn't mean that the piece of evidence was not reviewed, and that's the holding in Gonzales v. West. So the presumption wouldn't be overcome in the hypothetical that I gave? Inference would still hold that it was evaluated, it was consulted, it was considered, and yet even though it's not discussed in the opinion like the other nine pieces of evidence, the presumption holds. I think what you're pointing out is that this is a very factual question to be assessed on the facts of each individual case, and that the board, if it was being decided by the board, the board might come to a different conclusion depending upon the facts of the case. Here, though, if you look at the facts of this case, what you had was two very different opinions from two doctors. You had the opinion, and this is very, very factual, but if you get into it, you had the opinion from the private physician that Mr. King was psychotic, that this was a real impairment, and that even if he was hospitalized, there would be no improvement. Then you have, on the other hand, the very, very different opinion from the VA doctor, that there has been, that he's hospitalized, that there has been improvement during the course of the hospitalization, and that this individual is very perceptive. That's not the evaluation of someone being psychotic. So you have two very different opinions, and the decision of the regional office going with the decision of the VA doctor as being the most worthy of the most credible opinion. Mr. King did check himself out and go on with his life after that period of hospitalization. Can you explain on the record here in what way this situation differs from the hypothetical that Judge Chin articulated, which I took it was essentially the point made by Mr. King's as well, that everything else in the record was discussed. This RO official generally gave very thorough treatments, and whatever else one can say about the psychologist's report, it's awfully central to the inquiry. Here you have, as I said, at the time of this decision, in 1973, there was no requirement that there be a statement of reasons and basis for the decision. Yet you also have here a decision which cites to what this regional office found to be the most persuasive evidence. Yes, it's not discussing the private physician's report, but as this court stated in the decisions I cited, all you have here is the regional office's decision, and it really doesn't indicate whether it considered the evidence or did not consider the evidence. In that situation where all you have is silence, then the presumption is that it was considered, and that is under this court's decisions. Did the argument get made below that this RO examiner was somehow, I think Mr. King's lawyer said, characteristically thorough? I don't see that argument. Well, it looks like a thorough decision, the RO decision. Now, if they're saying that he's characteristically thorough with respect to other cases, that's certainly not the record. It does look like a thorough decision. It's right there. What about the point that all the other evidence in the record, putting aside the psychologist's report, was in fact discussed? Was that an argument made to the Veterans Court as to why this case falls into the exception where the presumption of consideration wouldn't apply? I think that that fairly is encompassed by the arguments below, but what the Veterans Court is pointing out is that the fact that something is not mentioned, simply the fact that something is not mentioned, under the governing law, citing this court's decisions in Pierce v. Principi, Gonzales v. West, and Natalie v. Principi, just the fact that there was no requirement at that time that there be a statement of reasons and basis for the decision. Isn't really what you're saying that it may be a fact that the RO simply chose to build it in its decision rather than discuss anything adverse to the position it took, but that doesn't mean it didn't consider it. Yes, that's correct. And here the RO is detailing what was most persuasive to him in making the decision. And then you follow that in effect by saying, well, since it's a question of fact, you don't have jurisdiction to review it. That's correct also, but here we have... So are all opinions a question of fact? Excuse me? Are all opinions a question of fact? That seems what the government wants to be able to say. It seems like they say it every time in one of these cases. Well, here, whether or not a regional office considered a particular piece of evidence would be clearly a question of fact. But as we pointed out, the presumption of regularity applies and was properly applied. What we're contending is that there was no error in applying the presumption of regularity by the Veterans Court. Can I ask you on the legal side of things, which I understand that if one doesn't cross the threshold of determining that just maybe the RO failed to consider, one wouldn't get to the question. But assume one gets to the question. What is your view about whether there is a due process violation when the decision maker simply does not consider some evidence? And the second question of some legal interest is, why is it that the remedy to cure that, if it's indeed a problem, satisfies due process when the remedy has this extremely high burden of showing bottom-line result error? Well, what we would point out, first of all, is what we're relying on is this Court's decision in Guillory, which holds that the statutes and regulations provide an adequate remedy for the correction, for the curing of errors, and also for this type of error. And we would also point out that in 1973, at the time of the regional office decision, Mr. King had a right to direct review under 38 U.S. Code 7105, so long as he filed a notice of disagreement within one year. So he had that right of direct review. So the CUE remedy is not the only remedy that was available to him. That's correct. And in addition, he has a right to file a motion to correct clear and unmistakable error. And that motion could be filed at any time. There's no statute of limitations that applies to that motion. And that was finally filed by Mr. King in 2006. What we would also point out is that the error here is the type of error that is corrected by either direct review or collateral review through a CUE, a clear and unmistakable error, motion. That distinguishes this case from the case of Cushman, where essentially what you had was a fraud on the Court because you had an altered piece of evidence that was very significant and was most relied upon by the Board of Veterans' Appeals in making a decision adverse to the veteran. In that case, the only way to cure the error was to exclude the fraudulent evidence. In this case, it's very different. It's the type of error that can be corrected through either direct review or a clear and unmistakable error motion. So just getting back to what I think was Judge Toronto's first question, is a failure, assuming for the moment there was a failure to consider a piece of evidence in the record, is that a due process violation? In our view, it is not because there is a statutory and regulatory mechanism in place to correct it. If the failure to consider a piece of evidence in a case was in itself a due process violation, then that would be a due process violation every time a decision maker happened to overlook a piece of evidence in any trial, in any administrative proceeding, and we don't think that that's the case. Accordingly, if the Court has no further questions, we would seek affirmation of the Court's decision. Thank you, Counsel. I surrender my remaining time unless you have questions you would like to ask me. Thank you, Counsel. The matter will stand submitted.